Opiftion of the Court, by
Hobnblowee, C. J.
The only question presented in this case, is whether a man must have what is called a lawful fence, along the road, in front of his lands, in order to maintain trespass for damages done by cattle running on the highway? This, though not the question before the court, in Coxe v. Robbins, 4 Halst. R. 384, is substantially answered by what was said by Ewing, C. J. in that case. At the common law, the owner of lands is not bound to fence against the cattle of his neighbor; and much less against cattle suffered to run at large on the highway. “ Every man at his peril is bound to keep his cattle on his own close, and prevent them from going on that of his neighbor.” It would, indeed, be very onerous upon land holders, if they were obliged to fence along all the highways running through their lands; or else submit to have them browsed and trampled upon by cattle turned out by their owners, to pasture on the public roads. It is true, the act to regulate fences, Elm. Dig. 192; Rev. Laws 387, declares what fences shall be deemed lawful for the purpose of creating a liability to answer in damages, in some cases, and a protection, or rather, exemption from liability, in others. But the regulations prescribed by the statute, are declared by the court, in Coxe v. Bobbins, to extend “ only to owners of adjoining closes, between whom, a division of the partition fence has been made; and the part to be maintained by each has been ascertained, either, by a voluntary agreement between them, or an assignment by the township committee.” But, that, *369 “ when no such division has been made ; when the part of each remains undefined” and the provisions of the statute have not been called into action, “ the statute is silent,” and “the common law prevails.” And so it must prevail, as between every landholder, and the owner of cattle suffered to run at large on the highway. Persons owning adjoining tracts, may adopt the salutary provisions of the statute, for their mutual benefit, and protection. But why should a landholder be subjected, (often it may be,) to the onerous expense of putting up a lawful fence, to protect himself against the cattle of a man living at a distance from him; whose land, if he has any, does not adjoin him, and who instead of keeping his cattle upon his own close, chooses to pasture them upon the highway, to the annoyance, not only of his neighbors, but of every traveller. Between such landholder and the owners of cattle running at large, there would be no mutuality, in requiring the former to surround all his lands by such a fence as the statute deems a lawful one between adjoining owners.
It is true, a man has a right to drive his cattle along the highway, to market or to and from his pasture grounds : and in doing so, they may wander out of the lines of the road, and get upon adjoining lands, that are not protected by front fences: though such unavoidable or accidental departure of the cattle from the line of the road, and without any fault or negligence on the part of the owner, would hardly amount to a trespass at all j or if it did, would only be the subject of such nominal damages, as would leave a litigious and unreasonable plaintiff worse off than before he brought his action. This being the only question, the judgment of the Common Pleas must be affirmed.

Judgment affirmed.

Cited in Vandegrift v. Rediker, 2 Zab. 188; Price v. N. J. R. & Tr. Co., 2 Vr. 236.